UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Portee, Jr.,                     ) | C/A No. 4:08-01862-RBH-TER |
|                                        ) | |
| Plaintiff,          ) | |
|                                        ) REPORT AND RECOMMENDATION | |
| v.                                     ) | |
|                                        ) | |
| Reynaldo Meyers, Director; Milton Pope, County     ) | |
| Commissioner; Assistant Dir. Harrell; Capt. William Refo;  ) | |
| Capt. Michael Higgins; Captain Redman; Capt.Bowman,    ) | |
|                                        ) | |
| Defendants.         ) | |
| _____ ) | |

**I. PROCEDURAL BACKGROUND**

The Plaintiff, John Portee, Jr. ("Portee"), filed this action under 42 U.S.C. § 1983[1] on May 14, 2008. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion to dismiss for lack of prosecution on February 3, 2009. Because Plaintiff is proceeding pro se, the court issued an order on or about February 4, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office *via* United States Postal Service on February 12, 2009, marked "Return to Sender-Unable to Forward." (Doc. #45).

In the motion to dismiss, the Defendants assert that the case should be dismissed for failure to prosecute. Defendants assert that the Plaintiff has failed to update his address with the court or the Defendants in writing after being specifically instructed by the court of his obligations with regards to this matter and specifically warned of the potential consequences for failing to abide by the Orders

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

of the Court. Therefore, Defendants request that the case be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Court issued Orders on May 19, 2008, June 5, 2008, and September 5, 2008, in which Plaintiff was ordered to always keep the Clerk of Court advised in writing of his current address and advising that his case may be dismissed for violating the order. (Doc. # 5, #12, and #25). In addition to the *Roseboro* order being returned as undeliverable, an order issued on February 17, 2008, of which a copy was mailed to Plaintiff, was returned to the Clerk of Court's office *via* United States Postal Service on March 2, 2009, marked "No Longer At This Address-Return to Sender." (Document #48).

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have

2

been filed. Plaintiff has not responded to Defendants' motion to dismiss for lack of prosecution or the court's Order requiring him to respond. Further, the *Roseboro* Order and the Order of February 17, 2009, were returned to the Clerk of Court's office *via* United States Postal Service as undeliverable. Plaintiff has not provided the court with an updated address. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that Defendants' motion to dismiss for failure to prosecute be granted and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Defendants' motion to dismiss for lack of prosecution be GRANTED (doc. #42 ) and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 12, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**